IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
DAVENPORT DIVISION

| | |
|---|---|
| RAYA NSHEIWAT,<br><br>      Plaintiff,<br><br>vs.<br><br>WALMART, INC.,<br><br>      Defendant. | NO. 3:20-cv-00064-RP-HCA<br><br>**DEFENDANT WALMART'S TRIAL BRIEF** |

Defendant Walmart, by and through undersigned counsel, hereby submits the following trial brief.

## LEGAL ISSUES

### I.    PLAINTIFF CANNOT SHOW CONSTRUCTIVE NOTICE

Plaintiff claims that she tripped and/or slipped on a hanger that was discarded from some unknown person near the cart corral of the Davenport Walmart.

This is a transitory condition case, which is not necessarily traceable to the actions of Walmart or its employees. The evidence is that a Walmart cart pusher walked near the area with a line of carts only minutes before the incident. There is no evidence that the associate actually saw the hanger on the ground. Further, it is likely that a customer discarded the hanger. In such cases, the Plaintiff must show that the hanger was there for a sufficient period of time that Walmart knew or should have known it was present. *Kramer v. F.W. Woolworth Co.*, 255 Iowa 633, 637-638, 123 N.W.2d 572, 574-575 (Iowa 1963). In *Dahl v. Lady Luck Bettendorf, L.C.*, 2001 U.S. Dist. LEXIS 21138, *9, 2001 WL 740472 (S.D Ia. 2001), this Court granted summary judgment in a similar case where an employee walked by the condition shortly before the

accident. Relying upon *Kramer*, the court held that the mere fact a waitress walked by the wet spot shortly before the incident provided no proof of notice since there is no evidence that she actually saw the spilled drink.

As a constructive notice case, Plaintiff must show that the hanger actually caused her trip, which is in dispute; but even if she did trip or slip on the hanger, she was obligated to show that it was there long enough that Walmart could have, in the exercise of reasonable care, discovered and corrected it. Plaintiff is also unable to demonstrate how long the hanger might have been on the floor. She has the burden to prove Walmart breached a duty -- to keep the premises safe for their intended use. *Wieseler v. Sisters of Mercy Health Corp.*, 540 N.W.2d 445, 449-50 (Iowa 1995). This duty is based on a property owner's superior knowledge of hazards. *Bartels v. Cair-Dem, Inc.*, 255 Iowa 834, 840, 124 N.W.2d 514, 518 (1963). If an owner does not cause the hazard, a plaintiff must demonstrate the hazard must have "existed for such time defendant, in the exercise of reasonable care, should have known of it." *Ling v. Hosts Inc.*, 164 N.W.2d 123, 127 (Iowa 1969). Without such proof, a jury is left to speculate or theorize, which cannot be the basis for a finding of proximate cause. *See Randol v. Roe Enters. Inc.*, 524 N.W.2d 414, 417 (Iowa 1994*). See also, Puffinbarger v. Hy-Vee, Inc.*, 2003 Iowa App. LEXIS 289, *3-4.

## II.    IOWA COMMON LAW PROVIDES THE DUTY OF CARE

As set forth in Walmart's Motion *in limine* to preclude the testimony of Russell Kendzior, Plaintiff proposes to present an expert witness to offer opinion testimony that Walmart, as a large retail corporation, has a greater duty of care to maintain its premises and is effectively strictly liable for any debris on its premises. The law set forth in Section I is and has been the applicable law in this State for over 50 years. Plaintiff should not be permitted to

introduce opinion testimony that usurps this Court's function to properly advise the jury of the applicable standard of care.

### III.    WALMART IS NOT LIABLE FOR OPEN AND OBVIOUS CONDITIONS

Walmart and its employee were under "no duty to warn plaintiff against common conditions, which were as apparent, foreseeable, and known to her as they were to the store operator. Customers in a supermarket as operated today, and especially those who have for some time been patrons of that market, as reasonably prudent persons, must be charged with the need of foreseeing what experience and familiarity with the premises and business had taught them, in all likelihood, are apt to be encountered as they traverse the aisles looking for grocery and other articles made available to them on shelves and tables." *Meader v. Paetz Grocery Co.*, 259 Iowa 1101, 1110-1111, 147 N.W.2d 211, (Iowa Sup. 1966). "In such circumstance we think the store operator should not be charged with failure to anticipate that the patron would not realize the hazard resulting from the usual and necessary practice of keeping the shelves stocked and take reasonable care to protect himself when encountering that process. In other words, the inviter should not be charged with failure to anticipate that the invitee, aware of the business operation, will not measure up to his obligation and avoid the condition. To hold otherwise would surely make the operator an insurer, and all authorities agree the inviter's obligation does not extend that far. *Id.* Under certain circumstances, the duty to exercise reasonable care requires the possessor of land to conduct an inspection, but the possessor is not normally required to maintain a constant patrol for danger. *Culli v. Marathon Petroleum Co.*, 862 F.2d 119, 124 (7th Cir. 1988) (no requirement for store owner to maintain constant patrol). Thus, while the law recognizes a duty to exercise reasonable care to inspect, this does not mean there is a duty to inspect for every possible defect." *Benham v. King*, 700 N.W.2d 314, 319 (Iowa Sup. 2005).

3

Plaintiff seeks to charge Walmart and its employees with knowledge that customers on parking lots may drop debris, or debris may drop from the shopping carts near cart corrals. But the same is true for customers. Whether a sporting event, concert, or shopping, patrons are aware that other patrons may leave debris in parking lots. There is no legal duty to patrol a parking lot with constant surveillance to pick up ordinary debris that customers are aware may be present.

## IV.   SPECULATIVE AND INFLAMMATORY MATTERS SHOULD BE PRECLUDED

1.   **Future Medical Treatment**.  Any evidence, testimony, or reference to Plaintiff's possible future surgery, or other treatment(s), and associated subsequent medical care and damages (i.e. hospitalization, physical therapy, medications, follow-up appointments, pain and suffering, etc.).  To generate a jury question on causation, expert testimony must indicate that the proposed future medical treatment is "*probably*" or "*likely*" related to the subject incident. *Hansen v. Central Iowa Hosp. Corp.,* 686 N.W.2d 476, 485 (Iowa 2004) (*citing Winter v. Honeggers' & Co.*, 215 N.W2d 316, 323 (Iowa 1974).  Evidence that the future medical treatment "*could*" or "*might*" be necessary and related to the subject incident does <u>not</u> satisfy the causation requirement as a matter of law.  *See Dickens v. Associated Anesthesiologists, P.C.*, 758 N.W. 2d 839 (Table), 2008 WL 3916454 (Iowa Ct. App. 2008) (Affirming summary judgment where medical doctor testified only that the alleged wrong "could have" caused the medical treatment / condition).  It must be more than "speculation." *Taylor v. Farm Bureau Mut. Ins. Co.*, 781 N.W.2d 100 (Table), 2010 WL 624215, at *7 (Iowa Ct. App. 2010).

Plaintiff has submitted a medical accommodation form alleging that she intimates that she may be a surgical candidate, and may have surgery as soon as December, 2023. To date, Plaintiff has not formally filed a motion to amend expert discovery.  The "medical

accommodation" report does not indicate when he last saw Plaintiff, or the circumstances that now make her a purported surgical candidate. Absent a formal motion to amend expert discovery, this testimony should be precluded. This appears to be an effort to "back door" a surgical opinion through a request for a medical accommodation. Alternatively, if this Court is inclined to allow such testimony, Walmart should have the opportunity to have her examined prior to the surgery.

Walmart would suffer prejudice if Plaintiff, her counsel, or her witnesses, including Dr.Pugely, suggested that Plaintiff would require future surgery or treatment(s) related to the subject incident.  If such speculative testimony on future medical treatment were allowed, the jury could award additional consequential damages related to the future surgery or treatment(s) such as future pain and suffering, future disability, and associated medical expenses.  Even if Plaintiff did not seek an award for future medical expenses, evidence, or even suggestion, of future surgery or treatment(s) could generate sympathy for Plaintiff resulting in a higher verdict against Walmart.  Because evidence about future surgery or treatments(s) would be speculative at best, and woefully insufficient under Iowa law at worst, it should not be submitted to the jury for consideration.

2.    **Undisclosed / Untimely Expert Opinions**.  Any opinions by any expert that were not previously produced in discovery including opinions about future medical treatment, future medical expenses, and the cause and extent of any injury or treatment.  Such references would be in violation of the supplementation requirements of Federal Rule of Civil Procedure 26(e) and would unfairly prejudice Walmart who has not had adequate opportunity to prepare to rebut the same. Again, aside from a "medical accommodation" letter, Plaintiff's expert discovery has not been amended.

3.      **Undisclosed Damages**.  Any evidence or testimony regarding damages other than those provided in Plaintiff's discovery answers, document productions, and expert disclosures. Any evidence or testimony of any other, or additional, damages would be in violation of the supplementation requirements of Federal Rule of Civil Procedure 26(e) and would unfairly prejudice Walmart who has not had adequate opportunity to prepare to rebut the same.  *White v. Citizens National Bank of Boone*, 262 N.W.2d 812, 816 (Iowa 1978); *See also Lawson v. Kurtzhals*, 792 N.W.2d 251 (Iowa 2010) (Iowa Supreme Court upheld trial court's order limiting Plaintiff from presenting any evidence of damages not previously set forth in interrogatory answers); *See also Gordon v. Noel*, 356 N.W.2d 559, 565 (Iowa 1984) ("A party defending a claim is clearly entitled upon appropriate pretrial request to be informed of the amount of the claim").  Notably, Plaintiff has never disclosed any amounts for proposed future medical treatments.

4.      **Medical Diagnoses by Plaintiff**.  Any testimony by Plaintiff herself about the medical diagnoses or prognoses regarding the injuries she allegedly suffered as a result of the subject incident and/or any permanency related therefrom.  Any such testimony would be speculative and without foundation, hearsay, immaterial, and irrelevant and unfairly prejudicial to Walmart.  This Motion does not seek to prohibit Plaintiff from discussing anything about her physical condition that she felt or observed.

5.      **Undisclosed Witnesses**.  Any evidence from any witness not previously disclosed by Plaintiff during discovery.  In interrogatories to Plaintiff, Plaintiff was specifically asked to identify people who had knowledge of the facts and circumstances of the claim that forms the basis of this litigation.  Such references would be in violation of the supplementation requirements of Federal Rule of Civil Procedure 26(e) and would unfairly prejudice Walmart

who has not had adequate opportunity to prepare to rebut the same.  Only those witnesses who were identified in discovery should be allowed to testify in this case.

6.    **Undisclosed Evidence**.  Any documents not previously produced pursuant to discovery requests, including but not limited to, employment records, medical records, and medical bills.  Such evidence would be in in violation of supplementation requirements of Federal Rule of Evidence 26(e) and would unfairly prejudice Walmart who has not had adequate opportunity to prepare to rebut the same.

7.    **Plaintiff's Financial Condition**.  Any evidence, testimony, argument, or reference to Plaintiff's financial condition, financial sacrifices or strains, or the financial effects on Plaintiff, as a result of the subject incident or Walmart's alleged conduct, other than admissible elements of damages.  Such evidence is not required for Plaintiff's burden of proof and would be meant only to inflame the passions of the jury.

8.    **Defendants Walmart's Size, Wealth, Power, Financial Condition, or Reputation**.  Any evidence, testimony, argument, or reference to Walmart's company size, number of stores, reputation, power, net worth, financial condition, and/or ability to pay Plaintiffs' damages.  Such evidence is not required for Plaintiff's burden of proof and would be meant only to inflame the passions of the jury.

9.    **Independent Medical Examination**.  Any testimony, comment, or argument by Plaintiff or Plaintiff's counsel that Walmart could have requested Plaintiff be examined by a doctor of Walmart's choosing, but did not.  Such testimony, comment or argument is irrelevant, prejudicial, and is contrary to the burden of proof in this case. During discovery, there were issues related to the substitution of a medical expert; and Plaintiff agreed to a substitution only upon an agreement that it would not seek an IME. Reference to such matters would be improper.

Further, Walmart has actually called two of Plaintiff's treating physicians. Therefore, the

suggestion that it will not be calling witness who examined Plaintiff would be false.

      10.    **Past Medical Expenses – *Pexa* Amount**.  Any evidence of the reasonable value

of medical services using the *billed* amount without proper supporting evidence.  *See Pexa v.*

*Auto Owners Ins. Co.*, 686 N.W.2d 150 (Iowa 2004).  This Motion does not apply to the

introduction of *paid* medical expenses that have been previously produced by Plaintiff in

discovery.

      11.    **Settlement Discussions**.  Any and all reference to any attempts to settle or make

any other payments as settlement of any of Plaintiff's claims as being irrelevant and unduly

prejudicial to the Defendant.  *See* Fed. R. Evidence 408.

      12.    **Reptile Theory / Golden Rule – Part One**.  Any attempt by Plaintiff or

Plaintiff's counsel to suggest to jurors that Walmart's alleged conduct endangers the safety of the

community as a whole rather than considering the facts of this case (The Reptile Theory or the

"new" Golden Rule). Plaintiff and her counsel should be precluded from mentioning,

referencing, testifying, or arguing regarding "community safety" or "safety rules" as irrelevant to

the specific facts of the case and/or excluded as more prejudicial than probative. Fed. R. Evid.

403.  Allowing "community safety" type of arguments circumvents the jury's role and should be

excluded as it is manipulative and prejudicial.

      13.    **Reptile Theory / Golden Rule – Part Two**.  Any "send a message" argument in

this case by Plaintiff or Plaintiff's counsel. Similar to the Reptile Theory or argument mentioned

above, "send a message" arguments are calculated to argue to the jury that their verdict will

protect the community by "sending a message" to those engaged in the same conduct as

Defendant Walmart. Plaintiff is seeking compensatory damages. Compensatory damages are not

awarded to punish the Defendant or to prove a point. Therefore, any such arguments are improper unless punitive damages are at issue. The probative value or any such argument is outweighed by the prejudicial effect. Fed. R. Evid. 403.

14. **Reptile Theory / Golden Rule – Part Three**. Any testimony, comment, or argument by Plaintiff's counsel to the jury to place themselves in the Plaintiff's position. *See Spray–Rite Serv. Corp. v. Monsanto Co.,* 684 F.2d 1226, 1246 (7th Cir.1982), *aff'd,* 465 U.S. 752, 104 S.Ct. 1464, 79 L.Ed.2d 775 (1984). Such an argument is universally condemned and referred to as a Golden Rule argument, because it encourages the jury to "depart from neutrality and to decide the case on the basis of personal interest and bias rather than on the evidence." *Id.*; *Dole v. USA Waste Servs. Inc.,* 100 F.3d 1384, 1388 (8th Cir.1996).

**WHEREFORE**, Defendants Walmart respectfully request that this Court be mindful of these legal and evidentiary issues during trial. Walmart further reserves the right to move for a judgment as a matter of law at the appropriate time on liability or any other issue.

**LEDERER WESTON CRAIG PLC**

By

Benjamin M. Weston
4401 Westown Parkway, Suite 212
West Des Moines, IA  50266
Phone: (515) 224-3911
Fax: (515) 224-2698
E-mail:  bweston@lwclawyers.com

**MCDONNELL & ASSOCIATES, P.C.**

By:   */s/ Patrick J. McDonnell*
          Patrick J. McDonnell, Esquire
          J. Michael. Kvetan, Esquire
          860 First Ave Suite 5B
          King of Prussia, PA 19406
          Phone:   (610)  337-2087
          Fax:       (610)  337-2575
          E-Mail:   pmcdonnell@mcda-law.com
                        mkvetan@mcda-law.com
          ***ATTORNEYS FOR DEFENDANT***

Dated: November 17, 2023

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
DAVENPORT DIVISION

| | |
|---|---|
| RAYA NSHEIWAT,<br><br>        Plaintiff,<br><br>vs.<br><br>WALMART, INC.,<br><br>        Defendant. | NO. 3:20-cv-00064-RP-HCA<br><br>**DEFENDANT WALMART'S TRIAL BRIEF** |

## CERTIFICATE OF SERVICE

I hereby certify that on November 17, 2023, I electronically filed the foregoing with the Clerk of the U.S. District Court for the Southern District of Iowa, Western Division, using the ECF system which will send notification of such filing to the following:

All Counsel of Record

I certify under penalty of perjury that the foregoing is true and correct.  Executed November 17, 2023 in West Des Moines, Iowa.